IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBBIE DANIELS | § | |
| v. | § | CIVIL ACTION NO. 5:13cv116 |
| BOWIE COUNTY CORRECTIONAL CENTER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Robbie Daniels filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Bowie County Correctional Center in Texarkana, Texas. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Plaintiff has named five Defendants, including: the Bowie County Correctional Center (BCCC); Bowie County Sheriff James Prince; jail warden Shane Campbell; Nurse Regina Lynch; and, Community Education Centers, Inc. (CEC), the corporate entity which operated the correctional center.

I. The Plaintiff's Complaint

Daniels states he was sent to the BCCC on January 26, 2012, for a parole violation. He asked to see the nurse when he entered the jail because he did not have an inhaler with him. However, Daniels says he "kept getting blown off" and was sent to the part of the jail known as the Annex, where "they would not have to deal with me as I would be placed on a wing where I would not have access with the medical department."

Daniels states he put in a sick call request and saw the nurse. He received medication for some of his problems but did not get an inhaler. He also complained Nurse Lynch took away his job as a jail trusty, but he offered no facts concerning this allegation.

1

II. The Defendants' Motion for Summary Judgment

The Defendants filed a motion to dismiss or, in the alternative, for summary judgment. The Magistrate Judge construed this as a motion for summary judgment under Fed. R. Civ. P. 12(d) because it contained summary judgment evidence in the form of affidavits from Warden Robert Page and Nurse Lynch as well as jail and medical records. Daniels filed a response to the motion and the Defendants filed a reply, to which Daniels filed a sur-reply.

The Defendants argued that: Daniels' claims were conclusory; he did not show personal involvement on the part of any of the Defendants; he cannot maintain claims against the sheriff or the warden based on supervisory liability; he did not show deliberate indifference to a serious medical need; Nurse Lynch could not prescribe him an inhaler; Daniels did not set out a viable retaliation claim; the Bowie County Correctional Center is not an entity amenable to suit; Daniels has not set out a valid claim against CEC; and, Sheriff Prince is entitled to qualified immunity.

III. Daniel's Response to the Motion

In his response to the Defendants' motion for summary judgment, Daniels asserted he alleged sufficient proof of malice and the record contains nothing to show the Defendants ever tried to contact the other doctors he named. He stated he believed he was suing Bowie County as a whole and CEC knew about the problems. When he wrote to Warden Campbell saying he intended to sue, the warden's response was "go ahead, we never lost one." He also wrote to Sheriff Prince but did not receive a response.

IV. The Magistrate Judge's Report

After review of the pleadings and evidence, the Magistrate Judge issued a Report recommending that the Defendants' motion for summary judgment be granted. The Magistrate Judge reviewed the jail records, which showed Daniels requested an inhaler and was referred to a physician named Dr. Shah. The jail medical personnel obtained records from a physician named Dr. Marrow at the East Texas Treatment Facility, but these records did not show that Daniels had a current prescription for an inhaler. He saw Dr. Shah but the physician did not prescribe an inhaler

for him. Daniels was transferred out of the facility at the end of February, after spending one month there.

The Magistrate Judge concluded Daniels did not show he was the victim of deliberate indifference to his serious medical needs. He did not allege Nurse Lynch violated any of the doctor's orders and he did not sue Dr. Shah. Lynch, a licensed vocational nurse, lacked authority to prescribe medication for Daniels. In addition, the Magistrate Judge observed Daniels did not allege, much less show, that he suffered any harm from the denial of an inhaler.

Although Daniels complained about the removal from the trusty job, the summary judgment evidence showed it was Nurse Michaelis, not Lynch, who actually carried out this action. Michaelis, the head of the medical department, told Daniels he could no longer work in sanitation where he could be exposed to chemicals that would make his breathing problems worse. The Magistrate Judge also stated Daniels does not have a protectable liberty or property interest in his job as a jail trusty and that to the extent Daniels raised a retaliation claim, his allegations were wholly conclusory and insufficient to support such a claim.

Next, the Magistrate Judge determined Daniels' claims against Prince and Campbell lacked merit because these officials had no power to provide him with an inhaler and Daniels had no constitutional right to have his grievances or complaints resolved to his satisfaction. Daniels also did not set out a viable claim against Prince or Campbell based on their positions of authority.

The Magistrate Judge went on to state Daniels could not sue the Bowie County Correctional Center itself and his allegations did not show any liability on the part of the county. The Magistrate Judge further determined Daniels' claims against CEC were without merit.

V. The Plaintiff's Objections to the Report

In his objections, Daniels first states that only the top half of the pages of his lawsuit were copied; he asserts this "gives them their first reason to try and dismiss this lawsuit." While some of Daniels' exhibits may not have been scanned completely, this had no bearing on the Magistrate Judge's Report.

Second, Daniels appears to complain that the medical department did not contact all of the doctors he told them to contact. Daniels does not identify any such doctors, nor show what such contact would have revealed. He asserts Dr. Marrow is no longer in practice, but does not show how this is relevant.

Daniels contends Nurse Lynch was "mad that I would not sign off on grievances and stated if it was that bad at Shap [sic] that I didn't need to work." Regardless of what Lynch may have told Daniels about working, the Magistrate Judge correctly determined Daniels did not have a protected liberty interest in his job as a jail trusty. In addition, as the Magistrate Judge noted, the summary judgment evidence showed it was Nurse Michaelis, not Nurse Lynch, who actually removed Daniels from his job, and this was done because the chemicals at Daniels' job aggravated his breathing problems. Daniels objection on this point is without merit.

Fourth, Daniels states "as for Miss Rogers and the rest of the medical department go, they can say or put down anything they want." He states "if you don't go down there and play the games like they want you to then you have to go through all of this."

Daniels states his medical records from the East Texas Treatment Facility show he had an inhaler for eight months and he should have had a bottom bunk as well. The summary judgment evidence shows that Dr. Marrow had not seen Daniels for some two years and while Daniels had been prescribed an inhaler in May of 2011, he did not have a current prescription for an inhaler at the time he entered the Bowie County Correctional Center. The nursing staff at the correctional center scheduled him to see Dr. Shah, who is not a defendant in this case, but the doctor did not order an inhaler. Daniels has not shown that any of the named defendants in this case were deliberately indifferent to his serious medical needs. His objections are without merit.

VI. Conclusion

The Court has conducted a careful *de novo* review of all of the pleadings and records in this case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

4

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 21) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion for summary judgment (docket no. 13) is **GRANTED**. It is further

**ORDERED** that the above-styled civil action be and hereby is **DISMISSED WITH PREJUDICE.** It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**It is SO ORDERED.**

**SIGNED this 15th day of September, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE